Johnson, Chief Judge.
The question for review arises upon the overruling of the motion for a new trial. It is assigned for error that the courts below erred in holding that upon the facts disclosed upon the trial, the real estate of Mrs. Rice was chargeable with the payment of her subscription to the capital stock of the railroad company.
It is conceded that her agreement was void at common law.
Eor the purpose of charging the separate estate, it is alleged that this subscription for stock was made for the benefit of the wife and that of her separate estate, and to induce the railroad company to construct its road near the village of Woodville, near which her lands were situated, and thereby to enhance their value, and that when she made the agreement it was understood and agreed between the parties, that it was upon the faith and credit of her said estate, and also that she intended to and did charge the same with the payment thereof. These material averments are put in issue by the answer of Mrs. Rice, and, as all the evidence is now before us, the question now is, did the court of common pleas and district courts err in charging the property of Mrs. Rice with the payment of this obligation.
There is no conflict in the evidence upon this issue.
Erom the bill of exceptions it appears :
1; That the tract of land upon which the court below charged this debt, was purchased with the joint means of both husband and wife, and by agreement between them the title was taken in the name of the wife.
*385 2. That in 1869, Mrs. Rice, at the request of a Mr. Burns and others, not agents of the railroad company, but who seemed to be acting in behalf of the citizens of "Woodville, who desired to bring their road by their village, made the foregoing subscription on the paper on which there were other subscribers, and delivered the paper to Mr. Burns, subject to certain conditions not necessary to be here stated.
3. That nearly two years afterward Mr. Burns delivered the subscription paper to the directors of the company who accepted it, and thereafter constructed the road according to the conditions of said agreement.
4. That nothing was said by Mrs. Rice, at any time, expressing or indicating an intention to charge her property with the payment for said stock, nor is there any proof, unless it can be implied from the mere act of making the subscription, that she was dealing on the faith or credit of said property, or intended to charge it.
5. Neither is it shown that the company, at the time they received and accepted these subscriptions, or when it built the road, knew that Mrs. Rice was married or single, or that she had any property to charge.
6. Neither does it appear that the company acted upon the credit of Mrs. Rice’s property, either in accepting the subscription or in building the road; nor is it shown that the construction of the road has inured to the benefit of her or her property in any other manner than it did to the public generally.
Upon this state of facts it is quite clear no-case is made for the equitable relief sought.
This is an executory agreement, which is void at- common law.
It does not fall within that class of contracts relating to her separate estate, wjhich a married woman is authorized by the statute to make, “ for labor and materials for improving, repairing, and cultivating the same.” S. & S. 391. No intention to charge the separate estate is expressed *386 in the written contract sued on, nor is there oral proof of such intention otherwise expressed. Neither party acted on the faith and credit of the wife’s property.
The only ground on which this judgment can be supported is to hold that, from the mere fact that Mrs. Rice signed this obligation to take and pay for stock, the court will imply an intention to charge her property, and then enforce that implied intention.
In support of this proposition counsel quote a detached point of the syllabus in Phillips v. Graves, 20 Ohio St. 371, which says that “ such intention to charge may be inferred from the fact that she executed a note or obligation for the indebtedness.”
In thus detaching this point from the context, its scope and meaning is misapprehended.
That was an action to charge a married woman’s separate estate, upon a note given by her for a piano, purchased by her for her own use and benefit, upon the credit of her separate estate, under an agreement made by her when she incurred the debt, that she so charged it with such payment.
The court, without undertaking to say whether a court of equity in Ohio would, under any circumstances, charge the separate estate of a married woman with her general engagements, very cautiously say it will so charge the same with her debts, at least to the extent the same may be incurred for the benefit of her separate estate, or for her own benefit upon the credit of her separate estateand that in such case the intention to charge may be implied from the fact that she gave a note or other obligation for the indebtedness.
This case is not, therefore, an authority for the doctrine that such implication arises in all cases where a married woman makes a contract which is voyl at law, but only in the -special cases named.
Neither is there any conflict between Phillips v. Graves and the case of Levi v. Earl, 30 Ohio St. 147.
' The examination given to the authorities in the last case, makes it unnecessary to repeat them here.
*387 The conclusion there reached was that the jurisdiction of a court of equity over the contracts of married women, and its power to charge her separate estate for the payment of'her obligations, does not depend on the contract, for that is void, nor on the ground that by incurring the obli;gation she thereby, and by way of appointment, charges her estate, but upon the broad principle that courts of equity will give relief against such estates where upon all the facts and circumstances equity and good conscience demand it.
In such cases, the chancellor will not permit a married woman to commit a fraud on another, any more than he would if she were a feme sole.
It was further held in Levi v. Earl, that something more than merely incurring the obligation which the law would create if she -were single is necessary to affect the estate ; that is, equity will not.imply an intention to charge and enforce such implied intention, merely because she has incurred a void contract; and-in order to bind such separate estate by a general engagement, it should appear that it was made by her with reference to and upon the faith and credit of that estate, under such circumstances as make it equitable that such charge should be enforced.
What will, in such cases, -where the obligation is, as in this case, purely executory, constitute good ground for relief, where no direct benefit accrues to the feme covert, or •to her property, must be determined as each case arises.
The case at bar is that of an executory contract to pay for stock in a railroad corporation. There is no intention expressed in the contract, nor proved orally, to charge the separate estate. Neither party dealt or acted upou its credit. It does not appear that either she or her estate has been benefited by the construction of the road, nor that her subscription induced or influenced the company to act otherwise than it would have acted if. it had not been made.
Upon the facts and circumstances of this case, we are *388 clear that there is no ground for the intervention of a court of equity.
Whether this tract of land, which was purchased with the joint means of husband and wife, and the title taken in her name, by agreement between them, is the wife’s separate property; whether there is a difference as to this equitable power to charge the wife’s lands, betwreen the legal estate of the wife, constituting her general property at common law, but made separate property by statute, and that class of property known in courts of equity, before the enactment of the statute, as the wife’s separate estate; and whether it makes any difference whether the intention to charge is expressed in the contract or orally, where such intention can not be implied, are questions mooted in argument, but as they are not necessary to a disposition of this case, they are not considered.

Judgment reversed.